**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Qwest Corp., | ) | No. CV 08-2374-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Arizona Corporation Commission; et al., | ) | |
| Defendants. | ) | |

Defendant Arizona Corporation Commission (the "Commission") filed the certified record in this case on June 4, 2009. (Doc. ## 66-75, 77-122.) Defendant Eschelon Telecom of Arizona, Inc. filed a Motion to Confirm, and Object to or Clarify Portions of, the Record on June 19, 2009. (Doc. #123.) Plaintiff Qwest Corporation also filed its Motion to Object to Record on June 19. (Doc. #125.)

Eschelon filed a Memorandum in Response to Qwest Motion to Object to Record on June 30, 2009. (Doc. #127.) Qwest filed a Memorandum In Reply to Qwest Combined Response to Eschelon Motion and Reply in Support of Qwest Motion to Object to Record on July 6, 2009. (Doc. #128.) Eschelon filed a Memorandum in Reply to Qwest's Combined Response to Eschelon Motion on July 10, 2009. (Doc. #129.) The Commission filed its Response to Qwest Corporation's Motion to Object to Record and to Eschelon's Motion to

Confirm and their Replies on July 14, 2009. (Doc. #130.)

Because Eschelon raises more points in its Motion, the Court will address that Motion first and will address the requests for relief made by Eschelon in the order Eschelon presented them. Likewise, the Court will address the issues raised in Qwest's Motion in the order that Qwest presented them.

**I.  Eschelon's Motion**

   A.  <u>Citation to the Court's Record</u>

Eschelon suggests that the parties should use the CM/ECF Docket numbers to refer to documents filed by the Commission as part of Tabs B and C and, to the extent reasonably possible, only use the Docket numbers to refer to documents under Tab A if those documents do not appear in Tabs B and C.

Because CM/ECF serves as the Court's document filing system, the parties shall use CM/ECF docket numbers when referring to all documents in the record here. The Court notes, however, that it would be helpful, where possible, if the parties gave a cross-reference to the Commission's Tab numbers.[1] Also, the parties should give the full name of a document, along with its docket number, the first time they reference the document.

   B.  <u>Rescheduling of Date for Motions Regarding the Record</u>

Eschelon asks that the Court not reschedule the date for motions regarding the record, or, in the alternative, that the Court allow the parties to make motions regarding the record at a later date sufficiently in advance of the dispositive motion deadline.

The Court notes that to a certain extent this request is moot because the Court did not extend the deadline for filing of motions objecting to the record. It could be surmised that Eschelon's real objective in making this request is to secure advance rulings on evidentiary matters. The Court will not make such advance rulings. The Court will treat the pending Motions as motions only to either confirm, add to, or subtract from the record certified by

---

[1] The Court has the paper copy of the record submitted by the Commission. That copy is organized by Tab number; therefore, a cross-reference to the appropriate tab number will help the Court in its review of the paper copy.

1  the Commission. The Court will not make advance rulings on judicial notice or other such
2  issues.

   C. <u>Documents to be Filed Under Seal</u>

   Both Eschelon and Qwest have asked the Court to file certain "confidential" records under seal. The parties reached a confidentiality agreement below and had a protective order in place. They have no such protective order in this Court.

   The Ninth Circuit Court of Appeals strongly disfavors filing documents under seal and requires parties to show good cause for sealing a non-dispositive filing. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court begins with a strong presumption in favor of access to court records. *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). Before sealing a document, the Court must consider all relevant factors, including: the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material or infringe upon trade secrets. *Id*.

   Neither Eschelon nor Qwest has shown any cause, let alone good cause, why the Commission should file certain documents under seal. Both parties cite to the confidentiality agreement below. But blanket stipulated protective orders do not automatically allow parties to file documents under seal, s*ee San Jose Mercury News, Inc. v. U.S. District Court for the Northern District of California*, 187 F.3d 1096, 1103 (9th Cir. 1999), especially when the Court did not enter the protective order.

   The Court will deny Eschelon and Qwest's motions to file certain documents under seal and will not direct the Commission to file any documents under seal. If Eschelon and Qwest feel that certain confidential documents from the record below that are not currently part of the certified record here are necessary to the resolution of this case, then Eschelon and Qwest may file a **joint, stipulated** motion to file redacted versions of such documents.[2]

---

[2] Qwest and Eschelon shall stipulate to the documents to be filed and the manner in which those documents shall be redacted. They shall attached proposed redacted copies of

Eschelon and Qwest must file such motion within twenty (20) days of the date of this Order.

### D. Affidavits of Mr. Christensen and Mr. Denney

The Court agrees with the Commission that the post-decision affidavits of Mr. Christensen and Mr. Denney and the exhibits attached thereto are part of the certified record in this case. At this time, the Court determines only that both affidavits are properly a part of the record. The Court makes no further rulings regarding the affidavits.

### E. Existing Qwest/Eschelon ICA

Eschelon and Qwest did not submit the entire ICA to the Commission. Instead, in the underlying action, Eschelon and Qwest agreed to the use of any existing ICA provisions as part of the record and attached certain sections to their briefs. Qwest argues that the Commission should file a complete copy of the ICA into the record before this Court. The Commission and Eschelon do not think that is necessary.

The Court agrees with the Commission and Eschelon. The parties did not submit the ICA in its entirety below. The Commission therefore need not certify a complete copy for the record here. The Court will not decide at this time whether the parties may attach portions of the ICA not admitted below to their dispositive motions here, but is inclined to rule that they can.

### F. Other Commission Orders

Eschelon suggests that the Court may take judicial notice of other Commission orders. While that may be the case, the Court will not reach that issue at this juncture. Nor will the Court order the Commission to file the Order form the Qwest-Eschelon ICA arbitration into the record because it was not a part of the record below.

### G. Other ICAs publicly filed with the Commission

Eschelon asks this Court to make an advance ruling that it will take judicial notice of the ICAs between Qwest and other CLECs. The court will not reach that issue at this time. The parties can make the appropriate arguments in their briefs.

---

the documents to the motion.

H. Doc. #91-2

All parties agree that the document at Docket #91-2 (Tab A 46) has 98 pages, the last 94 of which were misfiled into the record. The Court therefore orders that the Clerk of the Court shall strike pages 4 through 98 of Docket #91-2 from the record.

**II. Qwest's Motion**

A. Filing Confidential Documents from Below Under Seal

As explained perviously, given the lack of required showing, the Court will not order the Commission to file anything into the record under seal. Qwest and Eschelon may follow the procedure outlined above for moving to admit redacted versions of certain documents.

B. Public Material Allegedly Missing from the Record

1. Johnson Prefiled Direct Testimony

Qwest claims that there are pages missing from an exhibit to the direct testimony of Bonnie Johnson. Eschelon states that while it may have provided certain pages to Qwest in discovery, Eschelon did not file those pages as part of that exhibit with the Commission. The Court agrees with the Commission that if Qwest had a problem with the exhibit as filed by Eschelon, Qwest should have resolved that issue below. The Court will not order corrections at this late date. Further, the Court notes that many of the "missing" pages actually appear in other portions of the record. Qwest can just cite to those portions of the record.

2. Exhibits to Denney prefiled rebuttal testimony

Qwest notes that certain exhibits to Denney's prefiled rebuttal testimony are missing from the Commission's docket entry for Tab No. 51, although the exhibits are included in docket entries for hearing exhibits. The Commission need not re-file Denney's testimony. Qwest can just cite to the portion of the record, whichever docket entry/tab, that contains the exhibit.

3. Qwest-Eschelon ICA

As determined earlier, the Court will not require the Commission to file a full and complete copy of the Qwest-Eschelon ICA.

1      C.   Order No. 70356

2      Finally, as stated earlier, Commission Orders that were not a part of the record below, will not become part of the record before this Court. The Commission does not need to file a copy of Order No. 70536, May 16, 2008 into the record here. The Court will not decide at this time whether it can take judicial notice of that Order if attached to a brief, but presumes it can.

    Accordingly,

**IT IS ORDERED** Confirming the Commission's certified record in this case as slightly modified by this Order. The Clerk of the Court shall strike pages 4 through 98 of Docket #91-2. This Order disposes of Eschelon's Motion to Confirm, and Object to or Clarify Portions of, the Record (Doc. #123) and Qwest's Motion to Object to Record (Doc. #125).

**IT IS FURTHER ORDERED** that Eschelon and Qwest may file a **joint, stipulated** motion to file redacted versions of documents designated as confidential below. Eschelon and Qwest must file such motion within twenty (20) days of the date of this Order.

DATED this 23rd day of September, 2009.

                */s/ James A. Teilborg*
                James A. Teilborg
                United States District Judge